IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
ROCK HILL DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | CRIMINAL ACTION NO.:0:18-557 |
| | ) | |
| v. | ) | |
| | ) | |
| DARRYL HEMPHILL, | ) | |
|     a/k/a "D" | ) | |
|     a/k/a "D-Hemp" | ) | |
| MIKIE MARCELL CALDWELL, | ) | |
|     a/k/a "Big Mike" | ) | |
| GABRIEL L'AMBIANCE INGRAM, | ) | |
|     a/k/a "Big Shot" | ) | |
|     a/k/a  "Big Shot Rock" | ) | |
|     a/k/a "Rock" | ) | |
| ARCHIE ARSENIO CALDWELL, | ) | |
|     a/k/a "Nuk" | ) | |
|     a/k/a "Nuk Crook" | ) | |
| DARRELL LAROD CROCKETT, | ) | **CONTINUANCE ORDER** |
|     a/k/a "Unc" | ) | |
|     a/k/a "Croc" | ) | |
| CARL MICHAEL MANN, II, | ) | |
|     a/k/a "Pike" | ) | |
| HERBERT REGINALD DEMARIO DEWESE, | ) | |
|     a/k/a "50" | ) | |
|     a/k/a "Big 50" | ) | |
| ODARRIUS BREONTE ADAMS, | ) | |
|     a/k/a "Breezy" | ) | |
| FATE THOMAS MCCLURKIN, JR. | ) | |
| | ) | |

      This matter comes before the court on motion of the Government for a continuance of this case which is currently set for December 4, 2019 until this court's term scheduled for April 8, 2020. The grounds for this motion are that the Government arrested Defendant McClurkin on November 1, 2019. He made his first appearance in this case on November 4, 2019. His counsel has requested additional time to obtain, review and discuss the evidence in this case with her client. The discovery in this case includes approximately 4 months of wiretap communications and more than 14,000 pages of

written discovery. McClurkin's counsel has not had an opportunity to receive and review this material as of this date. Moreover this continuance will give McClurkin's counsel ample time to file any suppression motions as is necessary. McClurkin also has not waived his right to be tried in less than thirty (30) days as is proscribed in 18 U.S.C. § 3161(c)(2).

In addition, Defendant Mann recently filed a motion to file a suppression motion out of time which was granted today. This suppression motion has not been filed and served on the Government. Thereafter, the Government will need additional time to respond to the suppression motion. Moreover, this court granted the Government until December 2, 2019, to respond to all of the remaining suppression motions that have been filed in this case.

All of the defendants, with the exception of Gabriel L'Ambiance Ingram, in open court, agreed to the continuance and waived their rights under the Speedy Trial Act. Defendant Ingram moved to sever the new defendant's case from the remaining defendants. This court, after hearing arguments, denied the motion for severance based upon evidence that Ingram and the other named defendants in this matter were involved in this conspiracy together. It is well settled that barring special circumstances, individuals indicted together should be tried together. *See, United States v. Brugman*, 655 F.2d 540, 542 (4th Cir. 1981); *United States v. Rusher,* 966 F.2d 868, 877–78 (4th Cir. 1992); *United States v. Brooks,* 957 F.2d 1138, 1145 (4th Cir. 1992); *United States v. West,* 877 F.2d 281, 287–88 (4th Cir. 1989); *United States v. Medford,* 661 F.3d 746, 753 (4th Cir. 2011). The presumption that co-defendants should and will be tried together applies equally to defendants indicted on conspiracy charges. *Zafro v. United States*, 506 U.S. 534, 537-

38 (1993); *United States v. Chavez*, 894 F.3d 593, 605-06 (4th Cir.), *cert. denied*, 139 S.Ct. 278 (2018).  Indeed, unless "a miscarriage of justice" will result, there is a presumptive expectation that co-defendants should and will be tried together. *Richardson v. Marsh*, 481 U. S. 200, 206-11 (1987).  This court determines that there will not be a miscarriage of justice by denying the motion to sever and continuing this matter until its April term of court.

In reaching the conclusion that the proposed continuance is appropriate, the court has balanced the best interest of the public and the defendants in a speedy trial against the ends of justice, and finds that the latter outweighs the former.  The court finds that a continuance until the April 2020 term of court will allow defense counsel the time necessary to receive and review the discovery with the defendant and will afford the parties the opportunity to begin plea negotiations, if appropriate, which could possibly avoid the need for a trial.   Moreover, this continuance will allow all parties time to file and the Government to respond to the pending suppression motions.

Therefore, the court finds that this continuance is justified under the provisions of Title 18, United States Code, Section 3161(h)(7)(A) and the court specifically finds, based on the entire record before it, that the ends of justice served by the granting of this continuance outweighs the interests of the public and the defendants in a speedy trial.

FOR ALL THE FOREGOING, it is ordered that the case of *United States v. Darryl Hemphill, et al.,* Criminal No. 0:18-557, be continued until the court's April 8, 2020, term of court and that all such period of delay is hereby excluded in computing the time within which trial must begin pursuant to the Speedy Trial Act, Title 18, United States Code, Section 3161, *et. seq.*

**IT IS SO ORDERED.**

                                                      s/ Mary Geiger Lewis
                                                      MARY GEIGER LEWIS
                                                      UNITED STATES DISTRICT JUDGE

November 21, 2019

Columbia, South Carolina.